# UNITED STATES DISTRICT COURT
## Eastern District Of Massachusetts

| | |
|---|---|
| Boston Financial Corporation | ) |
| *Plaintiff,* | ) |
| v. | ) Docket No. _____ |
| Prime Star, LLC, Deborah A. Bartolini and Gregory C. Grant, | ) 04-11499 RC |
| *Defendants.* | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION FOR ATTACHMENT OF REAL PROPERTY

### I. Parties.

1. The Plaintiff, Boston Financial Corporation ("BFC") is a Massachusetts corporation engaged in the business of factoring (i.e., purchasing accounts receivable from other businesses) with its principal place of business in Boston, Massachusetts.

2. The Defendant, Prime Star, LLC ("Prime Star") is a limited liability company organized under the laws of Rhode Island with a principal place of business at 160 Burnside Street, Cranston, Rhode Island, 02910; its registered agent is Gordon A. Carpenter at 91 Friendship Street, Providence, Rhode Island, 02903.

3. The Defendant, Deborah A. Bartolini ("Bartolini") is an individual residing at 12 Goldmine Road, Foster, Rhode Island, 02825.

4. The Defendant, Gregory C. Grant ("Grant") is an individual residing at 7 High Street, Barrington, Rhode Island, 02806.

### II. Facts. Except as otherwise indicated, the following facts are supported by the Plaintiff's Verified Complaint, and the affidavit of Frank Coviello, filed herewith.

5. On June 24, 2003, Prime Star entered into a Consulting/Factoring/Security Agreement (the "Agreement") with BFC.

## IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests approval of its Motion for Attachment under Rule 4.1 of the Massachusetts Rules for Civil Procedure.

Respectfully submitted,
Boston Financial Corporation
by its attorneys:

_____
Joseph M. Klements, BBO #275062
Richardson and Tyler, LLP
15 Broad Street, Suite 900
Boston, MA 02109
(617) 523-0800

4

6. A true copy of the Agreement is attached to the Complaint as Exhibit A.

7. On June 24, 2003, Grant and Bartonlini entered into an agreement with BFC guaranteeing Prime Star's performance under the Agreement (the "Guaranty").

8. A true copy of the Guaranty is attached to the Complaint as Exhibit B.

9. Pursuant to the Agreement, BFC purchased from Prime Star accounts receivable that were due to Prime Star (the "Accounts").

10. The Accounts consist of receivables totaling $141,759.21.

11. The Accounts are more particularly identified on the Invoice Aging Report, attached to the Complaint as Exhibit C

12. The Accounts have not been paid despite demand by BFC and are now more than seventy-six (76) days overdue.

13. The Agreement provides, in pertinent part, that Prime Star covenants and warrants that "if any Account has not been paid in full to BFC for any reason whatsoever within 76 days from the date of initial purchase of the Account by BFC ... then BFC may require that [Prime Star] repurchase the Account..." [par.3 (h)].

14. Prime Star has not repurchased the Accounts, despite demand by BFC.

15. The Agreement also provides, in pertinent part, "if [Prime Star] fails to perform promptly or violates any of the provisions or obligations herein contained, [Prime Star] shall pay BFC all attorney's fees, court costs, and all other expenses which may be expended or incurred by BFC to obtain or enforce payment of any Account..." [par.3 (o)].

16. The Guarantee provides, in pertinent part, "[Grant and Bartolini] jointly and severally.... unconditionally guarantee to BFC and agree to be primarily liable to BFC for (1) the due performance of the [Consulting] Agreement and all [Prime Star's] contracts and agreements with BFC, both present and future....and (2) the payment to BFC of any and all indebtedness, obligations, liabilities and sums which may be presently due and owing or which shall in the future become due and owing to BFC from [Prime Star]..." [par.1].

17. Grant has not repurchased the Accounts, despite demand by BFC.

18. Bartolini has not repurchased the Accounts, despite demand by BFC.

2

19. Upon information and belief, Grant does not have liability insurance sufficient to satisfy BFC's damages.

20. Upon information and belief, Bartolini does not have liability insurance sufficient to satisfy BFC's damages.

### III. Argument.

Attachment is appropriate under Rule 4.1 of the Massachusetts Rules of Civil Procedure to secure satisfaction of a judgment when the Plaintiff can show that there is a reasonable likelihood of recovery in an amount equal to or greater than the amount of the trustee process, exclusive of any liability insurance known or reasonably believed to be available.

A. <u>Based upon the facts, there is a reasonable likelihood the Plaintiff will recover judgment in an amount equal to or greater than the amount of trustee process.</u>

A guaranty is valid when the contract for guaranty is "executed and delivered contemporaneously with and as a part of the consideration for the contract guaranteed." See 16B Mass Prac. §64.5. The Guaranty executed by Grant and Bartonini is of even date as the Agreement. It requires Grant and Bartolini, in consideration for the funds paid to Prime Star, LLC under the Agreement, to make payment to BFC for any accounts purchased by BFC that have not been paid within 76 days from the date of purchase. Despite several demands from BFC, the Accounts remain over 188 days in arrears.

Thus, Grant and Bartonini is are now liable, jointly and severally, as a matter of law to the account creditor, BFC, for the amount of the Accounts pursuant to the Agreement and the Guaranty, and attachment should enter for BFC to secure the amount of that payment.

3