UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOSTON FINANCIAL CORPORATION )<br>Plaintiff )<br>)<br>v. )<br>)<br>PRIME STAR, LLC, DEBORAH A. )<br>BARTOLINI, and GREGORY C. GRANT )<br>Defendants )<br>) | | DOCKET NO. 04-11499-RCL |

**DEFENDANT, GREGORY C. GRANT'S MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR ATTACHMENT OF REAL PROPERY**

The Defendant, Gregory C. Grant, objects to the Plaintiff's motion for a writ of attachment of his real property located at 7 High Street, Barrington, Rhode Island. This Court does not have jurisdiction to attach the property, as it is located outside of the Commonwealth of Massachusetts. Accordingly, the Plaintiff's motion should be denied.

**I.    FACTS**

This is an action to recover monies allegedly owed to the Plaintiff pursuant to certain contracts. Specifically, the Plaintiff alleges that on June 24, 2003, Defendant Prime Star, LLC ("Prime Star") entered into a consulting agreement with the Plaintiff whereby the Plaintiff purchased accounts receivable due to Prime Star over time in the amount of $141,759.21. The Plaintiff alleges that on June 24, 2003, the Defendant Gregory C. Grant ("Grant") and the Defendant Deborah A. Bartoloni ("Bartoloni") entered into an agreement with the Plaintiff whereby Grant and Bartolini guaranteed Prime Star's Performance under the consulting agreement. The Plaintiff alleges that Prime Star has failed to repurchase the accounts that have not been paid, in violation of

1

the consulting agreement, and that Grant and Bartoloni likewise have not repurchased the accounts, in violation of their personal guaranties. The Plaintiff commenced the instant litigation, seeking damages for breach of contract (Count I), action on account stated (Count II), and breach of personal guaranty (Count III). The Plaintiff only seeks damages against Grant pursuant to Count II, breach of personal guaranty. The Plaintiff now seeks to attach Grant's real property located at 7 High Street, Barrington, Rhode Island.

## II.     ARGUMENT

The Plaintiff seeks to attach Grant's real property located in Barrington, Rhode Island. (Plaintiff's Motion for Attachment at 1.) This Court does not have jurisdiction to issue a writ of attachment concerning Grant's real property, as it is located entirely outside of the Commonwealth of Massachusetts.

Writs of attachment are governed by Fed. R. Civ. P. 64, which provides:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include . . . attachment. . . .

Id.

Fed. R. Civ. P. 64 provides that attachment is available as provided by the law in the state in which the District Court is held. In Massachusetts, attachment is governed by Mass. R. Civ. P. 4.1. The Plaintiff exclusively relies on Fed. R. Civ. P. 64 and Mass. R.

Civ. P. 4.1 as the grounds for the relief it seeks. Mass. R. Civ. P. 4.1 provides in pertinent part: "Subsequent to the commencement of any action under these rules, real estate . . . may, in the manner and to the extent provided by law, but subject to the requirements of this rule, be attached and held to satisfy the judgment for damages and costs which the plaintiff may recover." Mass. R. Civ. P. 4.1(a) (emphasis added). A writ of attachment may issue as follows:

> No property may be attached unless such attachment for a specified amount is approved by order of the court. Except as provided in subdivision (f) of this rule [procedure for obtaining an ex parte writ of attachment] the order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by defendant to be available to satisfy the judgment.

Mass. R. Civ. P. 4.1(c).

Under Massachusetts law, a Court's authority to issue writs of attachment only extends to the borders of the Commonwealth. Thus, this Court does not have jurisdiction to attach Grant's real property, because it is located outside of the Commonwealth in the State of Rhode Island. In Massachusetts, the writ of attachment shall "be directed to the sheriffs of the several counties or their deputies, or any other person duly authorized by law, and command them to attach the real estate . . . of the defendant . . . ." Mass. R. Civ. P. 4.1(b) (emphasis added). The sheriffs of the counties of the Commonwealth of Massachusetts do not have authority to serves writs or process or attach real estate outside of Massachusetts. See M.G.L. c.37 §11 ("Sheriffs and their deputies shall serve and execute, within their counties, all precepts lawfully issued to them and all other

3

process required by law to be served by an officer." Id. (emphasis added)); Beard v. Seavey, 191 Mass. 503; 78 N.E. 123 (1906) ("In general, sheriffs and their deputies can serve process only within their own counties." Id. at 503).

Further, the Reporter's Notes to Mass. R. Civ. P. 4.1 state that "Massachusetts writs run throughout the Commonwealth, G.L. c.223, §20; this will be true under Rule 4.1(b)." Reporter's Notes, Mass. R. Civ. P. 4.1 (emphasis added).  Indeed, M.G.L. c.223, §20 states:  "Process in the supreme judicial and superior court shall be signed, and may be issued, by the clerk, shall bear test of the first justice of the court who is not a party to the action, may be returnable to the same court in any other county, may run, and shall be executed and obeyed, throughout the commonwealth." Id. (emphasis added).  Clearly, a writ of attachment issued in Massachusetts only has effect, and is only enforceable, in Massachusetts, and does not run outside of Massachusetts.

Moreover, Mass. R. Civ. P. 4.1(a) expressly provides that a writ of attachment may only issue against real estate "in the manner and to the extent provided by law." Id. (emphasis added).  "The sovereignty and jurisdiction of the commonwealth shall extend to all places within its boundaries subject to the concurrent jurisdiction granted over places ceded to or acquired by the United States." M.G.L. c.1, §2 (emphasis added).  In Massachusetts, Courts may only issue writs of attachment within their jurisdictional limits, which extend only to places within the boundaries of Massachusetts. Id.  The Federal District of Massachusetts, then, is likewise limited.

That conclusion is consistent with decisions of the Federal Courts.  In Federal Deposit Insurance Corp. v. Rodenberg, 622 F.Supp. 286 (D.Maryland 1985), the plaintiff sought a writ of attachment on the defendant's assets located outside of Maryland. Id. at

4

287. The United States District Court for the District of Maryland, denied the motion for a writ of attachment on jurisdictional grounds. Id. at 288. In denying the motion, the Court reasoned:

> Under Rule 64 . . . the Maryland law on attachment procedures should be applied by this Court under the same circumstances and in the same manner as in the Maryland state courts, unless an existing federal statute governs. Maryland's rule gives its courts the authority to issue an attachment at the commencement of the action or while it is pending against any property or credits belonging to the debtor upon application of the plaintiff. Md.Cts. & Jud.Proc.Code Ann. §3-302 (1974). The only stated limitations are that the court must act within the limits of its jurisdiction, §3-302, and attachment may be issued in any of the circumstances described in §3-303. No particular elaboration is provided as to what the limits of a court's jurisdiction are, and therefore it is safe to assume that territorial limitations of the State are intended. Md.Cts. & Jud.Proc.Code Ann. SE1-501(1974).

Federal Deposit Insurance Corp., 622 F.Supp. at 288.

In the present case, applicable Massachusetts law only authorizes a Court in Massachusetts to issue a writ of attachment on real property located within the territorial jurisdiction of Massachusetts Courts, which is limited to places within the Commonwealth of Massachusetts. The Plaintiff has identified no state law that would somehow extend the jurisdiction of Massachusetts State Courts to issue a writ of attachment on Grant's property located in the State of Rhode Island, nor has the Plaintiff identified any federal law that would likewise extend this Court's jurisdiction do to so. Thus, this Court lacks jurisdiction to attach Grant's property located within the State of Rhode Island, and accordingly the Plaintiff's motion must be denied.

### III. CONCLUSION

For the reasons set forth above, the Plaintiff's motion to attach Grant's property must be denied.

                        Defendant, GREGORY GRANT,
                        By his attorney,

                        _____
                        Dennis T. Grieco II, BBO# 566676
                        GIDLEY, SARLI & MARUSAK, LLP
                        One Turks Head Place, Suite 900
                        Providence, RI 02903
                        (401) 274-6644
                        (401) 331-9304 (FAX)

### CERTIFICATION

TO:    Joseph M. Klements, Esq.
         Richardson and Tyler, LLP
         15 Broad Street, Suite 900
         Boston, MA 02100

I hereby certify that on the _____ day of _____, 2004 a true copy of the within was served by mail on counsel of record, as set forth above.

                                                  _____