UNITED STATES DISTRICT COURT
Eastern District Of Massachusetts

Boston Financial Corporation )
)
)
*Plaintiff,* )
)  Docket No. 04-11499-RCL
v. )
)
Prime Star, LLC, )
Deborah A. Bartolini, John A. Bartolini, )
Gregory C. Grant, and Jennifer R. Grant )
)
*Defendants.* )
)

## Amended Complaint

### Parties

1. The Plaintiff, Boston Financial Corporation ("BFC") is a Massachusetts corporation engaged in the business of factoring (i.e., purchasing accounts receivable from other businesses) with its principal place of business in Boston, Massachusetts.

2. The Defendant, Prime Star, LLC ("Prime Star") is a limited liability company organized under the laws of Rhode Island with a principal place of business at 144A Danielson Pike, Foster, Rhode Island; its registered agent is Gordon A. Carpenter at 91 Friendship Street, Providence, Rhode Island, 02903.

3. The Defendant, Deborah A. Bartolini ("Ms. Bartolini") is an individual residing at 12 Goldmine Road, Foster, Rhode Island, 02825.

4. The Defendant, John A Bartolini ("Mr. Bartolini") is an individual residing at 12 Goldmine Road, Foster, Rhode Island, 02825.

5. The Defendant, Gregory C. Grant ("Mr. Grant") is an individual residing at 7 High Street, Barrington, Rhode Island, 02806.

6. The Defendant, Jennifer R. Grant ("Ms. Grant") is an individual residing at 7 High Street, Barrington, Rhode Island, 02806.

1

## Jurisdiction and Venue

7. This Court has diversity jurisdiction over this matter based on 28 U.S.C. § 1332(a)(1) in that the defendants are citizens of Rhode Island and New Hampshire and the plaintiff is a citizen, for diversity purposes, of the Commonwealth of Massachusetts. The amount in controversy is not less than $137,579.21. The defendant is subject to the personal jurisdiction of this Court because it knowingly, intentionally, and with full knowledge that claims might arise from its operations in this jurisdiction, entered into a contract with BFC, which is the subject of this civil action, in the Commonwealth of Massachusetts. The contract provides, in pertinent part, that the Defendants "consent to the exclusive jurisdiction of any court of competent jurisdiction of the Commonwealth of Massachusetts and of any federal court located in such Commonwealth."

8. This Court is a proper venue for this Civil Action on the basis of 28 U.S.C. 1391(a)(2) because the contract giving rise to this claim was executed in and, by its own terms, should be interpreted under the laws of the Commonwealth of Massachusetts. Further, said contract consents to venue in the United States District Court for the District of Massachusetts

## Facts Common to All Counts

9. On June 24, 2003, Prime Star entered into a Consulting/Factoring/Security Agreement (the "Consulting Agreement") with BFC.

10. A true copy of the Consulting Agreement is attached hereto as Exhibit A.

11. On June 24, 2003, Mr. Grant and Ms. Bartonlini entered into an agreement with BFC guaranteeing Prime Star's performance under the Consulting Agreement (the "Guaranty Agreement").

12. A true copy of the Guaranty Agreement is attached hereto as Exhibit B.

13. Pursuant to the Consulting Agreement, BFC purchased from Prime Star accounts receivable that were due to Prime Star (the "Accounts").

14. The Accounts consist of receivables totaling $137,579.21.

15. The Accounts are more particularly identified on the Invoice Aging Report, attached hereto as Exhibit C.

16. The Consulting Agreement provides, in pertinent part, that Prime Star covenants and warrants that "if any Account has not been paid in full to BFC for any reason whatsoever within 76 days from the date of initial purchase of the Account by BFC ... then BFC may require that [Prime Star] repurchase the Account..." [par.3 (h)].

17. Prime Star has not repurchased the Accounts, despite demand by BFC.

18. The Consulting Agreement also provides, in pertinent part, "if [Prime Star] fails to perform promptly or violates any of the provisions or obligations herein contained, [Prime Star] shall pay BFC all attorney's fees, court costs, and all other expenses which may be expended or incurred by BFC to obtain or enforce payment of any Account..." [par.3 (o)].

19. The Guarantee Agreement provides, in pertinent part, "[Mr. Grant and Ms. Bartolini] jointly and severally.... unconditionally guarantee to BFC and agree to be primarily liable to BFC for (1) the due performance of the [Consulting] Agreement and all [Prime Star's] contracts and agreements with BFC, both present and future....and (2) the payment to BFC of any and all indebtedness, obligations, liabilities and sums which may be presently due and owing or which shall in the future become due and owing to BFC from [Prime Star]..." [par.1].

20. Mr. Grant has not repurchased the Accounts, despite demand by BFC.

21. Ms. Bartolini has not repurchased the Accounts, despite demand by BFC.

22. Upon information and belief, Mr. Grant does not have liability insurance sufficient to satisfy BFC's damages.

23. Upon information and belief, Ms. Bartolini does not have liability insurance sufficient to satisfy BFC's damages.

### Count One
### Breach of Contract

24. BFC repeats and reavers the allegations contained in paragraphs 1-24 of this Complaint as fully as though set forth herein.

25. Prime Star has breached the terms and conditions of the Consulting Agreement.

26. As a result, BFC has suffered damages in the amount of $137,579.21.

### Count Two
### Action on Account Stated

27. BFC repeats and reavers the allegations contained in paragraphs 1-27 of this Complaint as fully as though set forth herein.

28. Prior to the institution of this action, BFC provided Prime Star, Ms. Bartolini and Mr. Grant with copies of the Invoice Aging Report, attached hereto as Exhibit C.

29. The Guarantee provides, in pertinent part: "BFC's books and records showing the account of the Client with BFC shall be admissible in evidence in any action

3

or proceeding, and any statement of the Client's account which is rendered to the Client, shall, to the extent to which no objection is made within thirty (30) days after the date that such statement was rendered to Client, constitute an account between the Client and BFC and be binding upon the undersigned." [par. 3].

30. Prime Star did not object to the accurateness of the Invoice Aging Report at any time.

31. Ms. Bartolini did not object to the accurateness of the Invoice Aging Report at any time.

32. On or about June 7, 2004, BFC received a payment which was credited to invoice number 1130, as shown on Exhibit C, for an amount of $4,180.00.

33. Following application of the June 7, 2004 payment, there is now due, owing and unpaid from Ms. Bartolini and Prime Star, individually and severally, to BFC, $137,579.21 on said account stated with interest.

## Count Three
## Breach of Personal Guaranty

34. BFC repeats and reavers the allegations contained in paragraphs 1-34 of this Complaint as fully as though set forth herein.

35. Mr. Grant personally guaranteed obligations and amounts due to BFC under the Guarantee Agreement.

36. Ms. Bartolini personally guaranteed obligations and amounts due to BFC under the Guarantee Agreement.

37. Mr. Grant and Ms. Bartolini, individually and severally, owe BFC $137,579.21 pursuant to their guarantees.

## Count Four
## Unjust Enrichment

38. BFC repeats and reavers the allegations contained in paragraphs 1-38 of this Complaint as fully as though set forth herein.

39. Mr. Grant executed the Guarantee Agreement in his individual capacity to induce BFC to enter into the Consulting Agreement and as consideration therefore.

40. Ms. Bartolini executed the Guarantee Agreement in her individual capacity to induce BFC to enter into the Consulting Agreement and as consideration therefore.

41. BFC satisfied its obligations by purchasing accounts receivable pursuant to the Consulting and Guarantee Agreements.

42. Mr. Grant benefited from the Consulting Agreement with BFC by receiving and retaining additional monies for his business.

43. Ms. Bartolini benefited from the Consulting Agreement with BFC by receiving and retaining additional monies for her business.

44. Mr. Grant's refusal to perform under the Guarantee Agreement constitutes unjust enrichment.

45. Ms. Bartolini's refusal to perform under the Guarantee Agreement constitutes unjust enrichment.

## Count Five
## Fraudulent Conveyance

46. BFC repeats and reavers the allegations contained in paragraphs 1-46 of this Complaint as fully as though set forth herein.

47. By executing the Guarantee Agreement on June 24, 2003, Mr. Grant and Ms. Bartolini, individually and severally, incurred an obligation to BFC for the amounts due to BFC from their company, Prime Star.

48. On March 31, 2004 Ms. Bartolini transferred property held by her and her husband, John A. Bartolini as tenants by the entirety, located at 12 Goldmine Road, Foster, Rhode Island, to her husband individually.

49. A true copy of the recorded deed is attached hereto as Exhibit D.

50. Ms. Bartolini's transfer to Mr. Bartolini was made to an insider who had knowledge of Ms. Bartolini's insolvency with the intent of defrauding BFC's attempt to collect on its debt, and Ms. Bartolini was either insolvent at the time of the transfer or the transfer rendered her insolvent.

51. On March 24, 2004, Mr. Grant and his wife, Ms. Grant, granted a mortgage in the original principal amount of $289,600.00 on property owned by them as tenants by the entirety, located at 7 High Street, Barrington, Rhode Island.

52. Upon information and belief, Mr. and Ms. Grant realized $289,600.00 proceeds from said mortgage transaction (the "Proceeds").

53. Upon information and belief, Mr. and Mrs. Grant have transferred all or a portion of the Proceeds with the intent of defrauding BFC's attempt to collect on its debt, for inadequate consideration, and such transfer either occurred while Mr. and Mrs. Grant were insolvent or rendered them insolvent.

54. A true copy of the recorded mortgage deed is attached hereto as Exhibit E.

55. Mr. Grant's encumbrance on the property was made with the intent of defrauding BFC's attempt to collect on its debt.

## Conclusion

Wherefore, Boston Financial Corporation requests entry of judgment

a. On Count One, against Prime Star, LLC in the amount of $137,579.21 plus costs and attorney's fees and further charges and amounts due pursuant to the Consulting Agreement and interest from the date of first demand.

b. On Count Two, against Prime Star, LLC and Deborah A. Bartolini in the amount of $137,579.21 plus costs and attorney's fees and further charges and amounts due pursuant to the Guarantee Agreement and interest from the date of first demand.

c. On Count Three, against Gregory C. Grant and Deborah A. Bartolini, individually and severally, in the amount of $137,579.21 plus costs and attorney's fees and further charges and amounts due pursuant to the Consulting and Guarantee Agreements and interest from the date of first demand.

d. On Count Four, against Gregory C. Grant and Deborah A. Bartolini, individually and severally, in the amount of $137,579.21 plus costs and attorney's fees and further charges and amounts due pursuant to the Consulting and Guarantee Agreements and interest from the date of first demand.

e. On Count Five to set aside the fraudulent conveyance of property of Deborah A. Bartolini and John A. Bartolini, and to set aside the fraudulent conveyance of property of Gregory C. Grant and Jennifer R. Grant.

f. For any further relief as the court deems meet and just.

Dated: August 25, 2004

Respectfully submitted,
Boston Financial Corporation
by its attorneys:

*Joseph L. Klements*

Joseph M. Klements  BBO # 275060
Richardson and Tyler, LLP
15 Broad Street, Suite 900
Boston, MA  02109
(617) 523-08000