## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
BOSTON FINANCIAL CORPORATION,    )
           Plaintiff             )
                                 )
v.                               )    DOCKET NO. 04-11499-RCL
                                 )
PRIME STAR, LLC, DEBORAH A.      )
BARTOLINI, GREGORY C. GRANT, and )
JENNIFER R. GRANT,               )
           Defendants            )
_____)
```

### ANSWER OF DEFENDANTS, GREGORY C. GRANT AND JENNIFER R. GRANT TO AMENDED COMPLAINT

Defendants, Gregory C. Grant and Jennifer R. Grant (hereinafter "These Defendants"), hereby respond to the numbered paragraphs in the Plaintiff's Amended Complaint as follows:

### Parties

1. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

2-6    Admitted.

### Jurisdiction and Venue

7. These Defendants admit they are subject to the personal jurisdiction of this Court. These Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and therefore, leave Plaintiff to its proof.

8. These Defendants admit this Court is the proper venue for this action. These Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and therefore, leave Plaintiff to its proof.

### Facts Common to all Counts

9. Admitted.

10. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

11. These Defendants admit that on June 24, 2003, Gregory C. Grant (hereinafter "Mr. Grant") and Deborah A. Bartolini (hereinafter "Ms. Bartolini) entered into an agreement with Boston Financial Corporation (hereinafter "BFC") entitled Guarantee Agreement. These Defendants deny that

the allegations in this paragraph accurately or in context describes all the terms of that Agreement. Instead, that Agreement speaks for itself.

12. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

13. These Defendants deny that the allegations in this paragraph accurately or in context describe the full terms of the Consulting Agreement. Further answering, these Defendants state that that document speaks for itself.

14. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

15. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

16. These Defendants deny that the allegations in this paragraph accurately set forth the terms of the Consulting Agreement. Further answering, these Defendants state that that document speaks for itself.

17. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

18. These Defendants deny that the allegations in this paragraph accurately set forth the terms of the Consulting Agreement. Further answering, these Defendants state that that document speaks for itself.

19. These Defendants deny that the allegations in this paragraph accurately set forth the terms of the Guarantee Agreement. Further answering, these Defendants state that that document speaks for itself.

20. Admitted.

21. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

22. Admitted.

23. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

**COUNT I**
**BREACH OF CONTRACT**

24. These Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1-24 of the Amended Complaint as if set forth fully herein.

25.-26. These Defendants are without sufficient knowledge or information to admit or deny the allegations in these paragraphs and therefore, leave Plaintiff to its proof.

**COUNT II**
**ACTION ON ACCOUNT STATED**

27. These Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1-27 of the Amended Complaint as if set forth fully herein.

28. These Defendants deny the allegations in this paragraph as they relate to Mr. Grant and are without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and therefore, leave Plaintiff to its proof.

29. These Defendants admit that the phrase quoted in this paragraph of this Amended Complaint is contained within the Guarantee Agreement. Further answering, these Defendants state that the entire Guarantee Agreement speaks for itself.

30. These Defendants are without sufficient knowledge or information to admit or deny whether an objection to the Invoice Aging Report attached to the Amended Complaint was mailed from the offices of Prime Star, LLC and therefore, leave Plaintiff to its proof. Further answering, these Defendants admit that Mr. Grant forwarded to BFC a timely objection to an Invoice Aging Report that was sent to him.

31. These Defendants are without sufficient knowledge or information to admit or deny whether Ms. Bartolini personally sent an objection to the Invoice Aging Report attached to the Amended Complaint and therefore, leave Plaintiff to its proof. Further answering, these Defendants admit that Mr. Grant forwarded to BFC a timely objection to an Invoice Aging Report that was sent to him.

32. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

33. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

**Count III**
**Breach of Personal Guarantee**

34. These Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1-34 of the Amended Complaint as if set forth fully herein.

35-36. These Defendants admit that Mr. Grant and Ms. Bartolini entered into a Guarantee Agreement with BFC on June 24, 2003. That Agreement speaks for itself. These Defendants are without sufficient knowledge to admit or deny the allegations contained in these paragraphs of the Amended Complaint due to their vagueness and therefore, request a more definite statement of those allegations and leave Plaintiff to its proof.

37. These Defendants deny the allegations contained in this paragraph of this Amended Complaint as they relate to Mr. Grant. These Defendants are without sufficient knowledge or information admit or deny the remaining allegations contained in this paragraph, and therefore leave Plaintiff to its proof.

## Count IV
## Unjust Enrichment

38. These Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1-38 of the Amended Complaint as if set forth fully herein.

39. Admitted.

40. These Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

41. Denied.

42-43. These Defendants are without sufficient knowledge or information to admit or deny the allegations in these paragraphs of the Amended Complaint due to their vagueness and therefore, request a more definite statement of those allegations and leave Plaintiff to its proof.

44. Denied.

45. Denied.

## COUNT V
## Fraudulence Conveyance

46. These Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1-46 of the Amended Complaint as if set forth fully herein.

47. These Defendants admit that Mr. Grant and Ms. Bartolini entered into a Guarantee Agreement with BFC on June 24, 2003. That Agreement speaks for itself. These Defendants are without sufficient knowledge to admit or deny the allegations contained in this paragraph of the Amended Complaint due to their vagueness and therefore, request a more definite statement of those allegations and leave Plaintiff to its proof.

48-50. These Defendants are without sufficient knowledge or information to admit or deny the allegations in these paragraphs and therefore, leave Plaintiff to its proof.

51-52. Admitted.

53. Denied.

54. Admitted.

55. Denied.

## FIRST AFFIRMATIVE DEFENSE

BFC's claims are barred and/or these Defendants are entitled to a set off against any damages claimed by Plaintiff, due to BFC's violation of its duties and obligations pursuant to the Consulting Agreement, including but not limited to its duties and obligations as attorney-in-fact for Prime Star, LLC

## SECOND AFFIRMATIVE DEFENSE

4

BFC's claims are barred and/or the Defendants are entitled to a set-off against damages claimed by BFC based on the defenses of laches, estoppel, breach of the covenant of good faith and fair dealing, bad faith, and waiver, modification, novation, revocation and recision of contract.

### THIRD AFFIRMATIVE DEFENSE

BFC's claims are barred and/or these Defendants are entitled to a set-off against any damages claimed by BFC, due to its negligence, misrepresentation and/or fraud in inducing Mr. Grant to enter the Guarantee Agreement in that on or about June 24, 2003, Frank Coviello, in his capacity as president of BFC, induced Mr. Grant to sign the Guarantee Agreement by representing that Mr. Grant would only be personally liable for the obligations of Prime Star, LLC if BFC was induced to extend funds to Prime Star, LLC based on some fraud by Prime Star, LLC.

### FOURTH AFFIRMATIVE DEFENSE

BFC's claims are barred and/or these Defendants are entitled to a set off against any damages claimed by BFC that relate to any funds extended to Prime Star, LLC after September 30, 2003, due to BFC's failure to provide notice to Mr. Grant of the extension of those funds.

WHEREFORE, these Defendants pray for entry of judgment, dismissing all claims asserted against them and awarding them their costs and attorneys fees and sets further relief that this Court deems just and proper.

These Defendants demand a trial by jury and designate Dennis T. Grieco II as their trial counsel.

Defendants, GREGORY GRANT and
JENNIFER R. GRANT,
By their attorney,

_____
Dennis T. Grieco II, BBO# 566676
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (FAX)

**CERTIFICATION**

TO:   Joseph M. Klements, Esq.
      Richardson and Tyler, LLP
      15 Broad Street, Suite 900
      Boston, MA 02100

    I hereby certify that on the _____ day of _____, 2004 a true copy of the within was served by mail on counsel of record, as set forth above.

                                                                                     _____