UNITED STATES DISTRICT COURT
Eastern District Of Massachusetts

Boston Financial Corporation

    *Plaintiff,*

v.

Prime Star, LLC,
Deborah A. Bartolini, John A. Bartolini,
Gregory C. Grant, and Jennifer R. Grant

    *Defendants.*

Docket No. 04-11499-RCL

# JOINT STATEMENT FOR SCHEDULING CONFERENCE

## I. PLAINTIFFS STATEMENT.

The Plaintiff, Boston Financial Corporation ("BFC") is a Massachusetts corporation engaged in the business of factoring (i.e., purchasing accounts receivable from other businesses) with its principal place of business in Boston, Massachusetts. On June 24, 2003, Defendant Prime Star, LLC ("Prime Star") entered into a Consulting/Factoring/Security Agreement (the "Consulting Agreement") with BFC.

In order to induce BFC to enter into the Consulting Agreement with Prime Star, defendants Gregory C. Grant ("Mr. Grant") and Deborah A. Bartonlini ("Ms. Bartolini") entered into an agreement with BFC guaranteeing Prime Star's performance under the Consulting Agreement (the "Guaranty Agreement").

Pursuant to the Consulting Agreement, BFC purchased from Prime Star accounts receivable that were due to Prime Star totaling $133,989.68. Despite demand by BFC, Prime

1

Star, Ms. Bartolini and Mr. Grant have not repurchased the accounts as required under the Agreement.

On March 31, 2004 Ms. Bartolini transferred property held by her and her husband, John A. Bartolini ("Mr. Bartolini") as tenants by the entirety, to her husband individually. Ms. Bartolini's transfer to Mr. Bartolini was made to an insider who had knowledge of Ms. Bartolini's insolvency with the intent of defrauding BFC's attempt to collect on its debt, and Ms. Bartolini was either insolvent at the time of the transfer or the transfer rendered her insolvent.

On March 24, 2004, Mr. Grant and his wife, Jennifer R. Grant ("Ms. Grant"), granted a mortgage in the original principal amount of $289,600.00 on property owned by them as tenants by the entirety. Upon information and belief, Mr. and Ms. Grant have transferred all or a portion of the proceeds realized from the mortgage with the intent of defrauding BFC's attempt to collect on its debt, for inadequate consideration, and such transfer either occurred while Mr. and Ms. Grant were insolvent or rendered them insolvent.

## II. DEFENDANTS STATEMENT.

1. **STATEMENT OF DEFENDANTS, GREGORY AND JENNIFER GRANT**

Gregory Grant is not obligated to Boston Financial Corporation ("BFC") for any obligations of co-Defendant, Prime Star, LLC ("Prime Star"), to BFC. At one time, Mr. Grant was a principal in Prime Star. In the early fall of 2003, Mr. Grant transferred and released his interests in Prime Star to co-Defendant, Deborah Bartolini, with the knowledge and consent of BFC. As a result, he was also released on any obligations to guarantee the continuing obligations of Prime Star to BFC.

In addition, BFC's claims against Mr. Grant are barred based on representations made to Mr. Grant by BFC's president, Frank Coviello, that Mr. Grant would only be personally liable for the obligations of Prime Star if BFC was induced to extend funds to Prime Star based upon some fraud by Prime Star. BFC also failed to comply with notice requirements concerning extensions of funds to Prime Star after Mr. Grant transferred and released his interests in Prime Star and its own duties under the relevant agreements.

Lastly, BFC's claim "upon information and belief" that Mr. Grant and his wife, Jennifer, fraudulently conveyed a mortgage on their home is without merit. That mortgage was literally a refinancing of their home for good and valuable consideration.

## III.    JOINT DISCOVERY PLAN.

| | |
|---|---|
| Rule 26 Disclosures | November 24, 2004 |
| Close of Fact Discovery, such that all documents have been produced, all Interrogatories and Request for Admission answered, and all fact depositions completed | April 22, 2005 |
| Plaintiff's Expert Disclosures | April 29, 2005 |
| Defendant's Expert Disclosures | May 13, 2005 |
| All non dispositive motions served[1] | June 13, 2005 |
| Expert discovery concluded | June 13, 2005 |
| Summary Judgment Motions served | June 13, 2005 |
| Opposition to Summary Judgment Motions / Cross-Motions for Summary Judgment served | July 6, 2005 |

---

[1] Not to include Motions in Limine

3

| | |
|---|---|
| Oppositions to Cross-Motions for Summary judgment Served/Motions filed with the Court | July 8, 2005 |
| Oral Argument on Summary Judgment Motions | July 29, 2005 |
| Final Pretrial Conference | August 12, 2005 |
| Trial | September 8, 2005 |

## IV.   CERTIFICATIONS.

The undersigned state that each have conferred with the view to establishing a budget for the costs of conducting the full course, and various alternative courses, for the litigation and each has considered the resolution of the litigation through the use of alternative dispute resolution.

Plaintiff:

_/s/ Frank A. Coviello_
Frank A. Coviello, President
Boston Financial Corporation

Respectfully submitted,

Boston Financial Corporation
by its attorneys:

_/s/ Joseph M. Klements_
Joseph M. Klements, BBO# 275062
Richardson and Tyler, LLP
15 Broad Street, Suite 900
Boston, MA  02109
(617) 523-0800

Date: _____

4