UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOSTON FINANCIAL CORPORATION )<br>  Plaintiff                                      )<br>                                                      )<br>v.                                                  )   DOCKET NO. 04-11499-RCL<br>                                                      )<br>PRIME STAR, LLC, DEBORAH A.     )<br>BARTOLINI and JOHN A BARTOLINI, )<br>GREGORY C. GRANT and              )<br>JENNIFER R, GRANT                     )<br>  Defendants                                  )<br>                                                      ) | |

### ANSWER OF DEFENDANTS, DEBORAH A BARTOLINI and JOHN A BARTOLINI TO AMENDED COMPLAINT

Defendants, Deborah A Bartolini and John A Bartolini (hereinafter "We the Defendants") hereby respond to the numbered paragraphs in the Plaintiff's Amended Complaint as Follows:

#### Parties

1.  We the Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave to Plaintiff to its proof.

2-6.  Admitted

#### Jurisdiction and Venue

7.  We the Defendants admit they are subject to the personal jurisdiction of this Court. We the Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and therefore, leave Plaintiff to its proof.

8.  We the Defendants admit this Court is the proper venue for this action. We the Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and therefore, leave Plaintiff to its proof.

#### Facts Common to all Counts

9.  Admitted

10.  We the Defendants are without sufficient knowledge of information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

11.  These Defendant, Deborah A Bartolini, admits that on June 24, 2003 Gregory C. Grant and Deborah A Bartolini entered into an agreement with Boston Financial Corp (hereinafter "BFC") entitled Guarantee Agreement. We the Defendants deny that the allegations in the paragraph accurately or in context describes all the terms of the Agreement. Instead, that Agreement speaks for itself.

12.  We the Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

13.  We the Defendants deny that the allegations in this paragraph accurately or in context describe the full terms of the Consulting Agreement. Further answering, We the Defendants state that the document speaks of itself.

14.  We the Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

15.  We the Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

16.  We the Defendants deny that the allegations in this paragraph accurately set forth the terms of the Consulting Agreement. Further answering, We the Defendants state that the document speaks for itself.

17.  We the Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

18.  We the Defendants deny that the allegations in this paragraph accurately set forth the terms of the Consulting Agreement. Further answering, We the Defendants state that the document speaks for itself.

19. We the Defendants deny that the allegations in this paragraph accurately set for the terms of the Consulting Agreement. Further answering, We the Defendants state that the document speaks for itself.

20. Admitted.

21. We the Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

22. Admitted.

23. We the Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

## COUNT 1
## BREACH OF CONTRACT

24. We the Defendants repeat and incorporate by reference their responses to the allegations contained in this paragraph and therefore, leave Plaintiff to its proof.

25. We the Defendants are without sufficient knowledge or information to admit or deny the allegations in these paragraphs and therefore, leave Plaintiff to its proof.

26. We the Defendants disagree the amount BFC has suffered damages in the amount of $137,579.21. The figure is not correct.

## COUNT II
## ACTION ON ACCOUNT STATED

27. We the Defendants repeat and incorporate by reference our responses to the allegations contained in paragraphs 1-27 of the Amended Complaint as if set forth fully herein.

28. Agreed.

29. We the Defendants admit that the phrase quoted in this paragraph of this Amended Complaint is contained within the Guarantee Agreement. Further Answering, we the Defendants state that the entire Guarantee Agreement speaks for itself.

30. Disagree. BFC was holding a specified amount of dollars in reserve.

31. Disagree. BFC was holding a specified amount of dollars in reserve.

32. We the Defendants are without sufficient knowledge or information to admit or deny the allegations in these paragraphs and therefore, leave Plaintiff to its proof.

33. Disagree, BFC is holding a specific amount of dollars in reserve not deducted from this balance.

## COUNT III
## Breach of Personal Guarantee

34. We the defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1-34 of the Amended Complaint as if set forth fully herein.

35-36. We the Defendants admit that Mr. Grant and Ms Bartolini entered into a Guarantee Agreement with BFC on June 24, 2003. That the Agreement speaks for itself. We the Defendants are without sufficient knowledge to admit or deny the allegations contained in these paragraphs of the Amended Complaint due to their vagueness and therefore, request a more definite statement of those allegations and leave Plaintiff to its proof.

37. We the Defendants deny the allegations contained in this paragraph of this Amended Complaint as they relate to Mr. Grant. He was not part of the corporation at time any debt was incurred with BFC.

## COUNT IV
## Unjust Enrichment

38. We the Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1-38 of the Amended Complaint as if set forth fully herein.

39. We the Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore, leave Plaintiff to its proof.

40.     Admitted.

41.     Denied.

42-43.  We the Defendants are without sufficient knowledge or information to admit or deny the allegations in these paragraphs of the Amended Complaint due to their vagueness and therefore, request a more definite statement of those allegations and leave Plaintiff to its proof.

44.     Denied.

45.     Denied. Offered Attorneys for BFC a settlement amount of $100,000.00, which they stated was too general in offer.

## COUNT V
### Fraudulence Conveyance

46.     We the defendants repeat and incorporate by reference our responses to the allegations contained in paragraphs 1-46 of the Amended Complaint as if set forth fully herein.

47.     We the Defendants admit that Mr. Grant and Ms Bartolini entered into a Guarantee Agreement with BFC on June 24, 2003. That Agreement speaks for itself. We the defendants are without sufficient knowledge to admit or deny the allegations contained in this paragraph of the Amended Complaint due to their vagueness and therefore, request a more definite statement of those allegations and leave Plaintiff to its proof.

48.     Agreed.

49.     Agreed.

50.     Denied. I, Deborah A. Bartolini was not aware that BFC was holding my personal property at 12 Gold Mine Rd Foster, RI as collateral. There was absolutely no intent to defraud BFC.

51-55.  We the Defendants are without sufficient knowledge or information to admit or deny the allegations in these paragraphs and therefore, leave to Plaintiff to its proof.

### FIRST AFFIRMATIVE DEFENSE

BFC'S claims are barred and/or we the Defendants are entitled to a set off against any damages claimed by Plaintiff, due to BFC's violation of its duties and obligations pursuant to the Consulting Agreement, including but not limited to its duties and obligations as attorney-in-fact for Prime Star,LLC.

### SECOND AFFIRMATIVE DEFENSE

BFC'S claims are barred and/or we the Defendants are entitled to a set off against any damages claimed by BFC based on the defenses of laches, estoppel, breach of the covenant of good faith and fair dealing, bad faith, and waiver, modification, novation, revocation and recision of contract.

### THIRD AFFIRMATIVE DEFENSE

BFC's claims are barred and/or We the Defendants are entitled to a set off against any damages claimed by BFC, due to its negligence, misrepresentation and/or fraud in inducing Deborah Bartolini to enter the Guarantee Agreement on June 24, 2003. Frank Coviello, in his capacity as President of BFC, induced Deborah Bartolini and Mr. Grant to sign the Guarantee Agreement by responding to a question Deborah Bartolini raised just before signing the contract. There were three other BFC employees present at the signing of the Agreement. The questions was are we, Mr. Grant and Deborah Bartolini have to put up any personal security. The answer from Frank Coviello, was NO, only the Accounts Receivable invoice is the security or collateral. Mr. Grant and Deborah Bartolini would only be personally liable for the obligations of Prime Star, LLC if BFC was induced to extend funds to Prime Star, LLC based on some fraud by Prime Star, LLC. There was no fraud or intent involved.

## FOURTH AFFIRMATIVE DEFENSE

BFC's claims are barred and/or We the Defendants are entitled to a set off against any damages claimed by BFC that relate to any funds extended to Prime Star,LLC after September 30, 2003 due to BFC's failure to provide notice to MR. Grant that a release was required to be signed off before he left the corporation of Prime Star, LLC on or about September 30, 2003.

Mr. Grant called BFC weeks prior September 30, 2003 and advised them of his leaving the corporation, Prime Star,LLC and to return to his previous place of employment.

WHEREFORE, We the Defendants pray for entry of judgement, dismissing all claims asserted against them and awarding them their costs and attorney fees and sets further relief that this Court deems just and proper.

We the Defendants have made an offer to settle this out of court and no response has been heard as to accepted or rejected. This offer was extremely adequate to cover any losses that BFC incurred in advancing funds.

Defendants, DEBORAH A BARTOLINI and JOHN A BARTOLINI

_____  11/23/04
Deborah A. Bartolini      Date

_____  11/23/04
John A. Bartolini         Date

4